Nicholas Fortuna (NF -9191)
Paula Lopez (PL- 2657)
Allyn & Fortuna LLP
1010 Avenue of the Americas
New York, NY 10006
Telephone: (212) 213-8844
Facsimile: (212) 213-3318

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

Charles Grynszpan Cin,

    *Plaintiff,*

    -v-

34th Street Camera & Computers Inc.;
Digital Electronics House, Inc.;
Multy Electronics Inc.;
Yogesh Shandilay in his individual and
professional capacity.

    *Defendants.*

------------------------------------X

Civil Case No.:

**COMPLAINT**

Plaintiff Demands a
Trial By Jury

## NATURE OF THE ACTION

1.     Plaintiff Charles Grynszpan Cin ("Plaintiff"), bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.* in order to remedy Defendants' wrongful withholding of Plaintiff's lawfully earned wages and overtime compensation. Plaintiff also bring these claims under New York Labor Law ("NYLL"), Article 6 C19, §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.* as well as the supporting New York State Department of Labor Regulations for violations related to the payment of minimum wages, overtime wages, spread-of-hours pay, and an employer's notice requirements, and an additional amount as liquidated damages, and reasonable attorney's fees and costs.

1

2. Defendants regularly required Plaintiff to work more than 40 hours per week but failed to pay him overtime wages for hours worked in excess of 40 hours in a given week.

3. Throughout Plaintiff's employment, Defendants failed to pay Plaintiff minimum wage and spread-of-hours pay.

## SUMMARY

4. Beginning May 2014, Plaintiff was employed as a cashier by Defendants 34th Street Camera & Computers Inc., Digital Electronics House, Inc., Multy Electronics Inc., and Yogesh Shandilay (collectively "Defendants").

5. Plaintiff's job duties included operating the cash register and taking payment for merchandise, restocking merchandise, and tracking inventory.

6. Defendants have repeatedly deprived Plaintiff of his lawfully earned wages, overtime, and spread-of-hours premium.

7. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

8. As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

9. Defendants have been a part of a single integrated enterprise that has jointly employed Plaintiff at 34th Street Camera & Computers, Inc., Digital Electronics House, Inc., and Multy Electronics, Inc.

10. Defendants are linked together by the same ownership, management, and employees. Defendants operate under common policies and procedures.

11. Plaintiff was required to work in each of the Defendants locations in a given week at the direction of Yogesh Shandilay.

12. Each of the Defendants' stores shared inventory and sold the same products.

13. Defendants collectively are a joint enterprise.

## JURISDICTION AND VENUE

### Federal Question Jurisdiction and Supplemental Jurisdiction

14. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367(a).

### Personal Jurisdiction

15. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

### Venue

16. Venue is proper in the Southern District of New York under 8 U.S.C. §§ 1391 (b)(1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES

### (Plaintiff)

**Charles Grynszpan Cin**

17.     Plaintiff, Charles Grynszpan Cin ("Cin"), is an adult individual residing in the state of New York, County of Queens.

18.     Cin is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

19.     Cin worked for Defendants from May 2014 to March 2019.

20.     Cin was initially employed at Multy Electronics, Inc., an electronic store, owned by Yogesh Shandilay previously located at 1333 Broadway, New York, NY 10018 from May 2014 to May 2015 in addition to the other Defendants' locations when directed by Yogesh Shandilay.

21.     Cin was employed as a cashier and his duties included operating the cash register and taking payment for merchandise, restocking merchandise, and tracking inventory.

22.     Cin was employed at Digital Electronics House, Inc., an electronics store, owned by Yogesh Shandilay located at 500 Seventh Avenue, New York, NY 10001, and worked there from June 2015 to August 2016 in addition to the other Defendants' locations when directed by Yogesh Shandilay.

23.     Cin's duties at Digital Electronics House, Inc. were exactly the same as those at Multy Electronics.

24.     Cin was employed at 34th Street Camera and Computers Inc., an electronics store, owned by Yogesh Shandilay located at 460 Seventh Avenue, New York, New York 10001, and worked there from October 2016 to March 2019 and prior to October 2016 when directed by Yogesh Shandilay.

25. Cin's duties at 34th Street Camera and Computers Inc. were exactly the same as those at Digital Electronics House, Inc., and Multy Electronics, Inc.

26. Cin regularly handled goods in interstate commerce, such as electronics produced outside the State of New York.

27. During the period of his employment with Defendants, Cin worked 6 days per week. His usual schedule consisted of one day per week working from 8 AM to 11PM and the remaining five days per week working from 9AM to 11PM, resulting in a weekly schedule of 80 hours per week. Cin did not have any breaks during the work day.

28. Throughout his employment with Defendants, Cin was getting compensated at a rate of approximately $550.00 per week, which was less than minimum wage.

29. Defendants failed to pay Cin spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Cin worked more than ten (10) hours.

30. Defendants failed to pay Cin overtime compensation of one and one-half times the minimum hourly rate for every hour Cin worked over 40 hours in a given week.

31. Cin worked 40 hours overtime every week he worked for the Defendants.

32. Cin was not paid for any of his overtime work.

33. Cin was not provided with a notice containing, his regular rate of pay, overtime rate of pay, basis for his rate of pay, the designated pay date, or the official name or any other names used for the business, business address, and telephone number at the time of hiring or at any point thereafter, and Defendants failed to obtain his signature acknowledging such.

34.     Cin was never provided with wage statements detailing dates worked, weekly record of the hours worked, and regular or overtime rates of pay, wages paid to him, or any of the required employer details, at any point during the time of his employment with Defendants.

35.     Upon information and belief, while Defendants employed Cin, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Cin of such rights.

36.     Throughout the duration of his employment, Cin did not have any supervisory authority, nor did he exercise discretion or independent judgement with respect to matters of significance.

### (Corporate Defendants)

37.     Upon information and belief, Corporate Defendants 34th Street Camera & Computers Inc., Digital Electronics House, Inc., and Multy Electronics Inc. are related entities and operate together as a single integrated enterprise.

38.     Upon information and belief, multiple employees of Defendants have in the past worked as full-time employees at 34th Street Camera & Computers Inc., Digital Electronics House, Inc., and Multy Electronics Inc at different intervals including, but not limited to, Plaintiff Cin.

### 34th Street Camera & Computers Inc. ("34th Street")

39.     34th Street Camera & Computers Inc. ("34th Street") is a domestic corporation formed on July 29, 2010, organized and existing under the laws of the State of New York.

40.     34th Street owns and operates an electronics store located at 460 Seventh Avenue, New York, NY 10001.

41.     34th Street is open seven (7) days per week.

6

42. At all relevant times, 34th Street was a covered employer within the meaning of the FLSA, 29. U.S.C. §203 (d) and the NYLL § 190

43. At all relevant times, 34th Street maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll and other employment practices that apply to him.

44. At all relevant times, 34th Street was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C 203(s)(1)(A) because its employees were selling electronics that were manufactured out of the state and distributed in New York.

45. Upon information and belief, at all relevant times, 34th Street's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. §203(s)(1)(a)(ii).

**Digital Electronics House, Inc. ("Digital")**

46. Digital is a domestic corporation formed on May 20, 2008, organized and existing under the laws of the State of New York.

47. Digital operated an electronics store, located at 500 Seventh Avenue, New York, NY 10018 until August 31, 2016.

48. Digital was open seven (7) days per week.

49. At all relevant times, Digital was a covered employer within the meaning of the FLSA, 29. U.S.C. §203 (d) and the NYLL § 190.

50. At all relevant times, Digital maintained control, oversight, and direction over the Plaintiffs, including timekeeping, payroll and other employment practices that apply to him.

51. At all relevant times, Digital was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C § 203(s)(1)(A) because its employees were selling electronics that were manufactured out of the state and distributed in New York.

7

52. Upon information and belief, at all relevant times, Digital's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. §203(s)(1)(a)(ii).

**Multy Electronics, Inc. ("Multy")**

53. Multy is a domestic corporation formed on March 14, 2005, organized and existing under the laws of the State of New York.

54. Multy operated an electronics store, located at 1333 Broadway, New York, NY 10001 until May 31, 2015.

55. Multy was open seven (7) days per week.

56. At all relevant times, Multy was a covered employer within the meaning of the FLSA, 29. U.S.C. §203 (d) and the NYLL § 190.

57. At all relevant times, Multy maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll and other employment practices that apply to him.

58. At all relevant times, Multy was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C 203(s)(1)(A) because its employees were selling electronics that were manufactured out of the state and distributed in New York.

59. Upon information and belief, at all relevant times, Multy's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. §203(s)(1)(a)(ii).

### (Individual Defendant)

**Yogesh Shandilay**

60.  Upon information and belief, at all relevant times, Yogesh Shandilay, ("Shandilay") was, at the time of Plaintiff's employment owner, principal, authorized operator, manager, and/or agent of Corporate Defendants.

61.  At all relevant times throughout Plaintiff's employment, Shandilay had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendants, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedules and otherwise controlling the terms and conditions of Plaintiff's employment while he was employed by Defendants.

62.  At all relevant times throughout Plaintiff's employment, Shandilay was actively involved in the day-to-day operations of the Corporate Defendants.

63.  At all relevant times throughout Plaintiff's employment, Shandilay was a 'covered employer' within the meaning of the FLSA and NYLL, and employed or jointly employed Plaintiffs, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

64.  At all relevant times, 34th Street, Digital, Multy, and Yogesh Shandilay were joint employers of Plaintiff, acted in the interest of each other with respect to the Plaintiff, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Minimum Wages

65. Plaintiff realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

66. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

67. At all times relevant, Defendants have been employers of Plaintiff and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 203 (s)(1) and § 206 (a).

68. Defendants were required to pay directly to Plaintiff, the applicable Federal minimum wage rate for all hours worked pursuant to 29 U.S.C. §206.

69. Defendants failed to pay Plaintiff, his earned minimum wages for all hours worked to which he was entitled to under the FLSA.

70. Instead, Defendants paid Plaintiff an hourly rate of less than the applicable minimum wage.

71. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216 (b).

72. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

73. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

74. Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 § C.F.R. 516.4, further evincing Defendants' lack of good faith.

75. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. §255 (a).

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Unpaid Overtime Wages

76. Plaintiff realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

77. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiff.

78. Defendants have failed to pay Plaintiff overtime wages at a rate of one-and-a-half times the regular rate at which he was employed, but under no instance is less than one and one-half times the statutory minimum wage for all of the hours that he worked in excess of forty (40) hours per workweek.

79. As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216 (b).

## THIRD CAUSE OF ACTION

### New York Labor Law – Minimum Wage

80.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

82.     At all relevant times referenced herein, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

83.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

84.     From 2010 to December 30, 2013, the minimum hourly wage in the State of New York was $7.25; from December 31, 2013, to December 30, 2014, the minimum hourly wage in the State of New York was $8.00; and from December 31, 2014, to December 30, 2015, the minimum hourly wage was $8.75; and from December 31, 2015 to December 30, 2016 the minimum hourly wage was $9.00; and from December 31, 2016 to December 30, 2017 it was $11.00; and from December 31, 2017 to December 30, 2018 it was $13.00; and from December 31, 2018 it has been $15.00 pursuant to NYLL § 652 and the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.2.

85.     Defendants were required to pay Plaintiff no less than the applicable statutory minimum wage for all hours worked under the NYLL §652 and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.2.

86. Through their knowing and intentional failure to pay minimum hourly wages to Plaintiff, Defendants have violated the NYLL Article 19, §650 *et seq.*, and 12 N.Y.C.R.R. Part 146-1.2.

87. Defendants also failed to post conspicuous notices of the Plaintiff's rights under the law, as required by the NYLL §661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146-2.4, further evincing Defendants' lack of good faith.

88. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of NYLL § 663.

89. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgement and post-judgement interest, pursuant to NYLL § 198 (1-a).

## FOURTH CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime Wages

90. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

91. The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

92. Defendants have failed to pay Plaintiff proper overtime which he is entitled to at a wage rate of one and one-half times the employee's regular rate but under no instance less than one-and-one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.4

93. Through their knowing or intentional failure to pay Plaintiff proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

94. Defendants' failure to pay Plaintiff overtime compensation was willful and within the meaning of NYLL §633.

95. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgement and post-judgement interest, pursuant to NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION

### New York Labor Law – Spread-of-Hours Pay

96. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

97. The spread-of-hours provisions as set forth in NYLL§§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

98. Defendants have failed to pay Plaintiff spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff worked more than ten (10) hours, as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 146-1.6.

99. Through their knowing or intentional failure to pay Plaintiff spread-of-hours-compensation, Defendants have willfully violated the NYLL §190 *et seq.*, and the supporting New York State Department of Labor Regulations.

100.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid spread-of-hours pay, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgement and post-judgement interest, pursuant to NYLL § 198 (1-a).

## SIXTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide Notice at the Time of Hiring

101.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

102.    Defendants have failed to provide Plaintiff, at the time of hiring, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL §195 (1) and the NYS Department of Labor regulations.

103.    Due to Defendants' violations of the NYLL § 195(1) and NYS Department of Labor regulations, Plaintiff is entitled to recover from Defendants statutory damages of fifty dollars ($50) per workweek that the violation occurred, up to a maximum of Two Thousand Five Hundred Dollars ($2,500), until February 26, 2015, and statutory damages of fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), thereafter, pursuant to NYLL §198 (1-b).

## SEVENTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide Wage Statements

104. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

105. Defendants have failed to provide Plaintiff with wage statements listing his rate of pay, basis of pay, the period covered, overtime pay, how he was to be paid, the official name of the employer, and address and phone number for employer's main office, in violation of NYLL §195(3) and the NYS Department of Labor regulations.

106. Due to Defendants' violations of the NYLL and the NYS Department of Labor regulations, Plaintiff is entitled to recover from Defendants One Hundred Dollars ($100) for each workweek that the violations occurred, up to a maximum of Two Thousand Five Hundred Dollars ($2500), until February 26, 2015, and statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), thereafter, pursuant to NYLL §198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks the following relief:

A. Issuance of a declaratory judgement that the practices complained of in this Complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.,* New York Labor Law, Article 6, §190 *et seq.*, and Article 19, §650 *et seq.*, and the supporting New York State Department of Labor Regulations;

B. Unpaid minimum wages, and overtime pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and the supporting United States Department of Labor regulations;

  C. Unpaid minimum wages, overtime wages, and spread-of-hours pay under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and §663(1);

  D. Civil penalties of One Thousand One Hundred Dollars ($1100) for each of Defendants' willful and repeated violation of the FLSA pursuant to 29 U.S.C.A. §216(b);

  E. An award of statutory damages for Defendants' failure to provide Plaintiffs with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b) and the New York Wage Theft Prevention Act;

  F. An award of statutory damages for Defendants' failure to provide Plaintiffs with accurate wage statements pursuant to NYLL §198 (1-d) and the New York Wage Theft Prevention Act;

  G. A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

  H. If liquidated damages pursuant to FLSA, 29 U.S.C. §216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

  I. An award of pre-judgement interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §5001-5004;

  J. An award of post-judgement interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules §5003;

  K. An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. §216(b), and NYLL §198 and 663(1);

  L. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
April 1, 2019

                                      Respectfully submitted,

                                      ALLYN & FORTUNA LLP

By: _____
                                      Nicholas Fortuna (NF- 9191)
                                      Paula Lopez (PL- 2657)
                                      *Attorneys for the Plaintiff*
                                      1010 Avenue of the Americas, St. 302
                                      New York, New York 10018
                                      Tel: 212.213.8844  Fax: 212.213.2218